Case number 17-5246. Frank Palacios, appellant, v. Richard D. Spencer, Secretary of the Navy. Mr. Eisenberg for the appellant, Ms. Homer for the affiliate. Good morning. Good morning, Your Honor. Good morning, Your Honors. If it so pleases the Court, I appear here again before the same panel of judges to argue, as I did successfully in the Hasselwander case that determined that the military failed in its duties under 10 U.S.C. 1552. Again, I argue it has done the same today. To borrow from this panel's decision in Hasselwander, the Board of Corrections has been sanctioned to, quote, determine insofar as possible the true nature of the alleged injustice and to take steps to grant thorough and fitting relief, end quote. And its principal function is to, quote, correct an injustice clearly presented. Why is this case here? This is a Tucker Act case. But it's not. Whether big or little. And so why doesn't it belong in the Federal Circuit? It belongs in the Federal Circuit. You're asking for back pay, money damages that exceed $10,000? We're asking that his records be corrected. And we ask for any benefits that naturally flow from that correction. You ask for back pay as well, right? In the complaint, you ask for back pay. That's money. Yes. But... That's Federal Circuit stuff. But what we're primarily asking for... The case law doesn't make that sort of distinction. However, if you look at the underlying statute that brings this matter here, it is 10 U.S.C. 1552. What we're trying to do here is make sure that the Board of Corrections follows its equitable duties. And that hasn't occurred. That's why we brought it here before an APA. And if you hadn't brought the money damages, you have an APA case, but you haven't... It's a Tucker Act case. We don't do Tucker Act. In our sister court, I believe it was under... Forgive me. In our sister court, where it had been argued that the party was asking for attorney's fees, which may exceed over $10,000, that did not end the matter there. That did not remove jurisdiction of the court to hear the APA case, which is what it did. As I understand it, you recognized it was a Tucker Act case, and so you tried to amend the complaint to make it a little Tucker Act case, right? So you recognized that that was a problem with your case. After a hearing, I believe, with a judge. But we don't believe that it's actually a little Tucker, big Tucker. Because, again, we're not asking primarily for money. We're primarily asking for his records to be corrected, that the agency acted arbitrary and capricious. And naturally, if we were to win... And do you have a case that makes that point, that when you're seeking money damages in excess of $10,000, but you're also seeking equitable relief, that that's something that we can hear and that that's not for the federal circuit? Do you have a case? But, again, we're not asking for money damages. We're asking that his records... Let me rephrase that. What we are asking... You're asking for back pay, right? Let me be clear what we're asking for. Are you asking for back pay? Yes or no? Are you asking for back pay? We are not asking... Is that in your complaint? We are... Back pay. If I may... Back pay, to answer your question. We are not asking the court to grant or deny back pay, period. It's not in your complaint? What we asked for was a records corrections and any benefit that naturally flows from, which would include attorney's fees, which would include back pay, which would include removal of an OTH or other than honorable discharge to an honorable discharge or medical discharge. We're asking that his disability rating be given at 10%, if not higher, for his military medical discharge. None of those things that I've just listed, with the exception of the records correction in and of itself, is something that this court can grant. And any veteran should not be penalized, whether it's now before, as he files the complaint, or later after the fact, and he's trying to get the benefits, that the military is going to say, well, you never asked for the complaint. But if there is an issue of money, then the law court has the responsibility to split the matter, remove the money issue to the court of claims, and resolve the APA action here. Are you seeking to appeal the denial of the motion to transfer? Amongst other things, as an alternative. We don't have jurisdiction to consider that. But we can determine whether or not it was an abuse of discretion of the lower court not to do that. No, we don't have jurisdiction. 28 U.S.C. 1292, what is it, D-4, says that the United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a district court granting or denying, in whole or in part, a motion to transfer the action to the U.S. Federal Court of Claims. I'm sorry, did I mishear you? Did you not just say that this court does have that jurisdiction? No, no, no. It's the United States. The appeal from the motion to deny transfer should have been taken to the Court of Appeals for the Federal Circuit. We don't have jurisdiction. They have exclusive jurisdiction over that appeal. From our lower court, and I see my time has elapsed. Yeah, right. But I will answer any of their questions. Your time hasn't elapsed. That's fine. Your time hasn't elapsed. You have three minutes. No, I reserve rebuttal. Okay, okay. Can you wait just one second, please? Give me one moment. Go ahead. Go ahead. Okay, go ahead. Good morning, and may it please the Court. Rachel Homer on behalf of the government. I'd like to start by addressing Your Honor's question and note that I'm in paragraph 28 of Plaintiff's complaint, which is on J.A. page 8. He states, quote, or he requests, quote, granting plaintiff appropriate back pay and benefits that would naturally flow from the upgrade and discharge status discussed in the previous paragraphs. So the plaintiff does request monetary relief. This Court has repeatedly held that a request for back pay is an explicit request for monetary relief, and therefore this case falls within the jurisdiction of the federal act. And what do the cases say when we have a claim for equitable relief and a claim for back pay or monetary relief? What do we do then? Do we split? Do we? There's no case that I have found that splits those issues. All of the cases hold that if the Tucker Act is implicated, it needs to be in the court of federal claims and then the federal circuit. And even the APA claim? That's correct. The whole thing goes to the? That's correct. I'd like to just step back and note that as Your Honors have made clear in your question, there are two separate issues in this case. First, there's the question of whether the district court had jurisdiction over the complaint as currently written. And second, there's the question of whether the court was correct to deny leave to amend. We believe the court was correct on both of those issues. This case is squarely controlled by this court's decision in Kidwell v. Department of the Army. That case holds that a claim is subject to the Tucker Act and its jurisdictional consequences if in whole or in part, explicitly or in essence. So if it all goes to the federal circuit, does the federal circuit take up the issue of the amended complaint? That's correct. They take up everything? That's correct. And the federal circuit is empowered to correct records and remand to the agency as needed, in addition to granting the monetary relief that the plaintiff requests. On the transfer, there's the interest of justice prong now. If it's transferred, don't we already know what's going to happen to the federal circuit? Haven't they already made clear that there's a statute of limitations problem here? Yes, we do. The federal circuit held that in 2012 in this exact same case with the same plaintiff. So why don't we just dismiss it here? We agree that you should affirm the district court's dismissal. Well, he's arguing that it was reopened pursuant to his request for reconsideration, right? That's correct. He is arguing that. And we held in Sendra that that is not reviewable unless the basis for the motion for reconsideration is newly discovered facts or changed circumstances, not new arguments. That's correct. We don't believe that the 2015 denial of reconsideration, which is the only board action at issue here, was a reopening, and therefore it doesn't restart the APA's statute of limitations. Right. Okay. If there are no— If we had only sought to transfer, there wouldn't have been any real issue about sending it and transferring it, would it? Would there have been? The complication here is you have a request to transfer and a request to amend a complaint. The request to amend the complaint essentially muddles up their case, is what you're saying, because then the district court considered the merits, which you wouldn't normally consider if it has jurisdiction. The district court would not consider the merits of the case. That's an odd situation. In other words, if all we had on the books was a failure to transfer, the district court should not have considered the merits. The district court can consider the merits if it needs to determine whether a transfer would be in the interest of justice. I'm trying to find the cases there. I mean, there was a dissent by Judge Ginsburg in one case suggesting that's the proper approach. Is there some other case law in our circuit that says that? No, Your Honor, and there would have been no— It doesn't make any sense, because normally if we're dismissing for lack of jurisdiction, we simply dismiss or transfer. That's correct. We leave the disposition on the merits to the court to whom it's being transferred. Your Honor is correct. If plaintiff had only requested a transfer, the court could have transferred it to the Court of Federal Claims, which would have dismissed it. Well, the procedure is that in Granger denying the motion, the district court should have stayed its action for 60 days. That's the procedure, but that wasn't followed either. The district court did not stay its action for 60 days. That's certainly correct. And the purpose of that is to give the Federal Circuit time to decide whether the case should have been transferred or not, because the appeal from the district court goes to the Federal Circuit. I mean, that's the system that Congress put in place. In this case— Judge Edwards is correct. It wasn't followed here. What happened is that it was a simultaneous denial of a motion to transfer and a decision on the merits. That's correct, Your Honor. It's worth noting that in this case the Federal Circuit has already held that Mr. Palacios's claims are time barred in the Federal Circuit. But, yes, you're correct. If there are no further questions, we'll rest on our briefs. Thank you. Thank you. Thank you. Your Honor, first, if I may, is there any specific questions I can address to the court or answer to the court before I begin? I'll take those now. Again, you had asked for a case—and I'm sorry, I lost my notes— where they had split. And I thought—I know I mentioned one in my brief, and I apologize, I just can't get my thumb on it at the moment. But I do think we need to note from, again, our sister circuit in Poole that it would be damaging to justice and to respect for the non-monetary concerns of our offices for this court to hold that plaintiff's claims individually of his conviction and discharge are masked for a subsequent claim for monetary relief, at least as important as back pay or a man's career, his livelihood, his rights as a veteran, his status as a convicted criminal, and his reputation. I argue that those benefits are all stuff that flow from or stem from a records corrections. We are asking for a records corrections. We should not be penalized because we want to make sure that we have everything that naturally flows from. Does this mean that if I don't ask for attorney's fees in the matter, that I will be denied attorney's fees in this particular case? How is saying jurisdictions in the federal circuit penalizing you? That's an odd choice of word. No, no, no. I'm not saying that it penalizes me. What I'm saying is my client or any veteran would be penalized for raising those issues in district court, not the court of claims. I'm afraid I don't see the penalty of saying it has to be in the federal circuit as opposed to here. Forgive me. I couldn't hear you, sir. I don't see how you're being penalized by a jurisdictional question that says your claim belongs in the court of federal claims in the federal circuit and not here. I believe this case belongs here just as it did in Hasselwander. Because what? What did you say? As it did in Hasselwander. There was a records corrections issue in Hasselwander. There was no money claim in Hasselwander. That one specifically didn't have any money benefits to it. And that's the entire issue. That's the whole point. The whole point is when you put in your complaint that you want back pay, that's money, that's Tucker Act. We don't do Tucker Act. Correct. It's that simple. You're not being penalized. Your client's not being penalized for saying no, Congress has said these types of claims belong in a different court for very good reasons. But I don't believe the court can actually point me to any case where someone has asked for attorney's fees and those attorney's fees have exceeded over $10,000 where that case has been transferred. Why do you keep talking about attorney's fees? You've asked for back pay. That's the case that we have in the Federal Reserve. But we also asked for attorney's fees. That's my point. You asked for back pay, right? We asked for attorney's fees and back pay, which both amount to over $10,000. But, again, actually I will defer or differ that we didn't explicitly ask for back pay. We explicitly asked for attorney's fees and we explicitly asked for his records corrections and that the agency do what it's supposed to do for anything that is triggered or naturally flows from that records corrections. And we gave a list of things, period. Thank you. Thank you very much. The case is submitted.
judges: Griffith, Edwards, Randolph